(46 South. 201.)

No. 16,932.

LOCHBAUM v. SOUTHWESTERN BOX & LUMBER MFG. CO.

(Feb. 3, 1908. 'On the Merits, April 13, 1908.)

1. APPEAL—RIGHT OF REVIEW—ESTOPPEL.

The right of a party to appeal from a judgment which he considers prejudicial to his interest is constitutional, and exists in all cases except where the party has confessed judgment, or has acquiesced in the same by executing it voluntarily. Code Prac. art. 567. An alleged estoppel which does not amount to a voluntary execution of the judgment will not defeat the right of appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 953–976.]

2. MASTER AND SERVANT—MASTER'S LIABILITY FOR INJURY TO SERVANT—DUTY TO FURNISH SAFE PLACE TO WORK.

The master cannot plead ignorance of the defects in the construction of a suspended sliding door, which rendered it liable to fall outward on a slight jar or disturbance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 249, 250.]

3. SAME — FELLOW SERVANTS — CONCURRENT NEGLIGENCE OF MASTER AND FELLOW SERVANT.

Where such a door, after having been closed, fell and injured a servant, the concurring negligence of another servant in closing the door cannot avail the master.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 515.]

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice Ellis Edrington, Judge.

Action by Ephraim Lochbaum against the Southwestern Box & Lumber Manufacturing Company. Judgment for plaintiff, and defendant appeals. Plaintiff moves to dismiss the appeal. Motion to dismiss overruled. Judgment affirmed.

See 44 South. 998, 120 La. 98.

Frederick Anthony Middleton and Alfred Elias Billings, for appellant. E. A. O'Sullivan, for appellee.

### On Motion to Dismiss Appeal.

LAND, J. On July 10, 1907, judgment was rendered in favor of the plaintiff against the "Southwestern Lumber & Box Factory" for the sum of $600, with interest and costs. Defendant appealed, but its appeal was dismissed for defects in the bond of appeal. In December, 1907, the defendant took a devolutive appeal from the same judgment.

Plaintiff and appellee has moved to dismiss on the ground that the defendant has no appealable interest in the judgment, rendered below. This motion is based on facts dehors the record, which it is alleged estop the appellant from prosecuting his appeal. The motion avers that a writ of fieri facias issued on October 13, 1907, and that on October 15, 1907, the defendant herein enjoined the execution of the writ on the ground that no valid judgment has been rendered against it in said suit; that the judgment of July 10, 1907, was rendered against the "Southwestern Lumber & Box Factory," and not against the "Southwestern Box & Lumber Manufacturing Company." It is argued that the appellant, having declared upon oath that the judgment appealed from was not rendered against it, is estopped from alleging the contrary in order to give it a standing before the appellate court. It may be asserted with equal force that the appellee, having caused execution to issue under said judgment against the defendant, is estopped to deny that the appellant is without interest to prosecute this appeal. Estoppel against estoppel sets the matter at large. The defendant has a constitutional right of appeal, which has been seasonably prosecuted, and it is not contended that the defendant has confessed judgment, or has acquiesced in the same, by executing it voluntarily. Code Prac. art. 567.

It cannot be said that the defendant and appellant has no pecuniary interest in a judgment which the plaintiff is seeking to enforce against it.

Motion to dismiss overruled.

### On the Merits.

This is a suit for damages for personal injuries. On September 13, 1905, plaintiff, an employé in defendant's factory, while leaving the premises on a bicycle, was knocked down and injured by a heavy sliding door, which fell outward upon him.

The negligence charged against the defendant is that:

"Said door was suspended and worked on wheels, which ran over a small rail; that said rail was out of position, and the wheels so fixed that they were liable at any time to run off said rail, and this condition was well known to said company, who through neglect and carelessness failed to remedy same."

By amended petition it was alleged that the real name of the defendant company was the "Southwestern Lumber & Box Manufacturing Company."

For answer the company, so named, answered, pleading the general issue, and further averred that if plaintiff was injured it was through the fault and negligence of himself and fellow servants, that the gross carelessness and negligence of the plaintiff contributed to the accident complained of, and that defendant in no way contributed thereto.

The case was tried before the judge alone, and there was judgment in favor of the plaintiff for $600, with costs of suit. Defendant has appealed.

That plaintiff was injured by the fall of the door as alleged cannot be disputed. The charge of negligence or contributory negligence on his part has no foundation in fact. Plaintiff was going home in his usual manner, and was traversing one of defendant's platforms, when he was suddenly struck by the falling door. While plaintiff knew that this

and other doors were liable to fall outward, he anticipated no danger on this occasion, because it was customary for the night watchman to hook all the doors on the inside when he closed them at the end of the working day.

The real defense is that the door was in good condition, and that, if it was defective in any particular, such defect was not known to the management. The contention of the defendant is that the door fell because it was violently closed by one of the workmen and the rebound threw the runners off of the guide. It is true that the door was closed by Piazza, an employé in another department; but it fell some 10 minutes after it was closed, and there is no sufficient evidence to show that the action of Piazza was the efficient cause of the fall. Piazza, in passing out of the building, closed two doors. The one in question fell; but the other did not. The judge a quo says:

"Was this door properly hung and in safe condition? The court thinks not. The door had often fallen before. If properly adjusted and hung, the fittings in good condition, it should not have fallen, even when roughly handled."

We agree with the district judge in this conclusion. The evidence shows that these doors were suspended by wheels on iron rods, and that these wheels had so slight a hold they were liable to leave the rails on the slightest disturbance, such as the jarring of the floor, or the blowing of the wind, or the closing of the doors. Surely this defect could have been remedied by some mechanical contrivance, or some other and better mode of hanging the doors adopted. On the occasion in question the door fell about 10 minutes after its closure, and the proximate cause of its fall is by no means certain. If the door was defectively hung in the beginning, and its fall was due to the negligence of a fellow servant, the responsibility of the defendant would not be affected. The fault was one of original construction, of which the master cannot plead ignorance. There is no merit in the alternative defense of assumption of risk and election of the more dangerous pathway.

Judgment affirmed.