LAND, J.
The succession of Grace Norton Hernandez was opened in this state on the petition of Walter Hernandez, the surviving husband, which alleged, in substance:
That Mrs. Hernandez died in the city of New Orleans on December 4, 1912, her legal domicile having been that of petitioner, her husband, in Brooklyn, New York City.
That Mrs. Hernandez left a last will and testament, dated October 28th, made in. Brooklyn, in the state of New York, which said will was offered for probate in the Surrogate Court of Kings County, N. Y., on December 10, 1912, and the said Walter Hernandez, named as executor in said testament, prayed for confirmation as such.
That the probate of said will was opposed by Walter Hernandez’s daughter, Grace Hernandez, wife of William E. Voorhies, of the .city of New Orleans, and his minor children, Walter Hernandez and Juanita Hernandez, and, after due contradictory pro *139 ceedings had, said Surrogate Court, by decree of April 4, 1914, admitted said will to probate and confirmed said Walter Hernandez as executor thereunder.
That the said opponents prosecuted an appeal or writ of error to the Appellate Division Of the Supreme Court of the State of New York, and by final decree therein rendered on October 3, 1914, the appeal so taken was dismissed; said appeal having been abandoned by consent. That the foregoing facts more fully appeared from an exemplified copy of the proceedings had in said courts annexed to the petition as part thereof.
That the petitioner prayed that the aforesaid last will and testament of his deceased wife, Grace Hernandez, be filed, registered, and ordered executed, and that ancillary letters of executorship be granted to the petitioner thereunder.
The orders as prayed for were rendered and signed by the judge a quo on November 12, 1914.
The inventory taken under order of court embraced movables, appraised at $6,920.57, and real estate, appraised at $12,500; total, $19,420.57.
Walter Hernandez protested against the inclusion of any movables in the inventory, because the same were subject to the jurisdiction of the aforesaid Surrogate Court of New York, and formed no part of the decedent’s succession in the state of Louisiana; also protested against the inclusion of certain securities in the names of Jacob B. Harrison and Mrs. J. B. Harrison, the latter having become the wife of the said Walter Hernandez.
Some of the heirs, through counsel, protested against the alleged exclusion of certain movables from the inventory, and more especially of $90,000 of jewelry, coupons, stocks, and bonds removed from the bank box belonging to the estate of the decedent.
Walter Hernandez duly qualified as executor by taking the required oath, and giving bond and security in the sum of $24,300, conditioned according to law.
The litigation now on appeal before this court was initiated on April 10, 1915, by the filing of the petition of Mrs. Grace Hernandez, wife of William E. Yoorhies, seeking to annul the said will of the decedent on numerous grounds.
Defendant excepted to the petition on the ground that same sets forth no legal right . or cause of action.
After a hearing, the judge a quo rendered judgment on the exception, as follows:
“It is ordered, adjudged, and decreed that said plaintiff do within ten days from this date amend article 5 of her petition by alleging in what particulars the will in question is not executed according to the laws of Louisiana and is not valid in form as a Louisiana will; by alleging dispositions of said will, if valid, cannot be enforced in Louisiana; and by alleging in what particulars said will is void under the laws of New York and of Louisiana.
“It is ordered, adjudged, and decreed that the averments in articles 6 and 7 of said petition disclose no cause or right of action, and that plaintiff’s demand for annulling said will in so far as said demand is based upon said averments be dismissed.”
Plaintiff refused to amend her petition, and appealed.
[3] Plaintiff’s voluminous petition appears in the margin.
Paragraph 3 of the petition alleges:
“That said Mrs. Hernandez was a citizen of Louisiana, domiciled therein at all times; that she was a resident of Louisiana and domiciled therein at the time of her death, which occurred on the 4th day of December, 1912.”
Paragraph 5 of the petition contains the following allegation:
“Petitioner shows that said will, however, is not executed according to the laws of Louisiana, nor is it valid in form as a Louisiana will; and, if valid in form as a will made by a resident citizen of Louisiana temporarily in New York, which is denied, the dispositions of said will cannot be enforced in the state of Louisiana.
“That the said will is void under the laws of New York and void under the laws of Louisi-
*141 As held by our learned brother below, these allegations are defective in not stating in what particulars the will in question is not executed according to the laws of Louisiana, and is not valid in form as a Louisiana will, and in what particulars said will is void under the laws of New York, and what dispositions of said will, if valid, cannot be enforced in Louisiana.
In State v. Hackley, Hume & Joyce, 124 La. 862, 863, 50 South. 775, this court said:
“The validity, vel non, of a title, is the result which flows as a matter of law from the facts which render the title valid or invalid. To say to a defendant that his title is invalid is merely to convey to him the expression of a legal opinion on the condition of his title. It is not to inform him of the facts from which the invalidity of his title is sought to be deduced. * * * ‘Facts, not conclusions of law, must be alleged in pleadings.’ ”
The petition in this case alleges no defects in the form or the confection of the testament, upon which, as a matter of law, the invalidity of the will can be predicated.
Other paragraphs of the petition allege, in general terms, that the defendant used force, fraud, and duress to obtain the signature of his wife to the will in question; but an analysis of the allegations shows that Mrs. Hernandez was induced by her husband to execute the will by false suggestions as to the legal rights of herself and children, and the necessity of willing her estate to him in order to preserve the property for them.
The petition alleges that:
“The defendant finally obtained the signature of his wife to the will, “and it was one of the arguments, used to force her to sign the will, that the same was purely a matter of form, that she was thereby taking care of her children, and that he would see that they received the said estate through his hands, and the said will was executed by the said decedent under the belief created by said Hernandez that she was thereby and in fact executing such a will as she desired to pass the property to her children, who would receive the same through her husband, and he was only a person interposed for the purpose of receiving and conveying the estate to the said children.
“That said Hernandez, having created that belief, agreed to receive the estate on that condition and to deliver it to said children.”
It necessarily follows from these allegations that Mrs. Hernandez knew that she was executing a will in favor of her husband, with the verbal understanding that he would deliver the property to their children.
The petition admits that said will has been probated in the state of New York, and that Hernandez has ever since claimed that he is the beneficiary thereunder.
The will is not in the transcript of appeal, and is not included in the list of documents specified by the plaintiff for insertion in said transcript. We, howevér, infer from the petition that the will nominated absolutely and without condition, the husband, as-universal legatee.
[2] The alleged verbal understanding or agreement that Hernandez would hold the estate for the children was an absolute nullity. Verbal testaments are prohibited. Civil Code, art. 1576. Testaments must be' drawn up in writing. Id. art. 1575. If the formalities prescribed are not observed, the testaments are null and void. Id. art. 1595.
[1] As to the alleged fraudulent suggestions, or undue influence, proof is not admitted under our law and jurisprudence. C. C. art. 1492; Zerega v. Percival, 46 La. Ann. 590, 15 South. 476; Succession of McDermott, 136 La. 80, 66 South. 546.
Judgment affirmed.