KELLY, Appellant, v. DURING

---

(May 9, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant —Par. 67.**

The lessor is liable for the damages caused to the lessee's furniture by fire produced by defective electric wiring.

2. **Louisiana Digest—Landlord and Tenant —Par. 65, 69.**

A lessee cannot recover from his lessor the cost of moving owing to the defective condition of the leased premises.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by T. Kelly against Mrs. A. During.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

L. R. Westheimer, of New Orleans, attorney for plaintiff, appellant.

Fred Marx, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This is a suit by a tenant against his landlord for damages arising out of alleged defective premises.

The plaintiff alleged that he occupied the premises, 2138 Elysian Fields Avenue, as lessee of the defendant; that on November 12, 1926, the premises caught fire and his movable property therein was damaged and he was compelled to move; that the fire was caused by the defective electric wiring in said premises. He claimed $138.50 damages and $15.00 cost of moving.

The defendant admitted the fire but averred "that she is in no wise liable for any damages caused to said plaintiff for the reason that, under the law, she was required to have the electric wiring in said premises inspected by the Fire Prevention Bureau, and that said bureau inspected the wiring in said premises and approved the same as to safety, and that the same was also approved by the City Electrician, and that if any defect existed therein respondent is not liable, for the reason that she cannot be held liable for the laches or faults of the officials required to make said inspection".

There was judgment rejecting plaintiff's demand and he has appealed.

The liability of the lessor to answer in damages for vices or defects in the leased premises is at this date too firmly established to admit of discussion.

Civil Code 2695 (2665) reads as follows:

"The lessor guarantees the lessee against all the vices and defects of the thing (leased) and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

Jurisprudence has confirmed this language:

Schoppel vs. Daly, 112 La. 213, 36 South. 322.

St. Landry Whsle. Merc. Co. vs. New Hampshire Fire Ins. Co., 114 La. 146, 38 South. 87.

Bianchi vs. Del Valle, 117 La. 592, 42 South. 148.

Lochbaun vs. Southwestern Box & Lbr. Mfg. Co., 121 La. 176, 46 South. 201.

Bennett vs. Southern Scrap Material Co., 121 La. 204, 46 South. 211.

Wise vs. Lavigne, 138 La. 139, 218, 70 South. 103.

Walther vs. Walther, 139 La. 139, 71 South. 344.

Boutte vs. New Orleans Terminal Co., 139 La. 949, 72 South. 513.

Allain vs. Frigola, 140 La. 982, 74 South. 404.

Ciaccio vs. Carbajal, 142 La. 127, 76 South. 583.

State vs. Langston, 142 La. 294, 76 South. 717.

Ciaccio vs. Carbajal, 145 La. 881-888, 83 South. 73.

Thomson vs. Cooke, 147 La. 922, 86 South. 332.

Plescia vs. Le Roy, 148 La. 318, 86 South. 824.

Pierson vs. Times-Picayune Publishing Co., 148 La. 857, 88 South. 77.

Succession of Burgant, 148 La. 1042, 88 South. 391.

Landry vs. Monteleone, 150 La. 548, 90 South. 919.

Breen vs. Walters, 150 La. 578-585, 91 South. 50.

Davis vs. Hochfelder, 153 La. 183, 85 South. 598.

Parker vs. Kreber, 153 La. 191, 95 South. 601.

According to these authorities the plaintiff is not bound to prove how the accident happened.

Whether the damage was caused by defective flooring, or steps, or plastering, or heater, or electric fixtures, the law is the same.

Nor can the lessor escape his liability by attempting to fix it upon public officials or private mechanics. He may have · his recourse against them, but he is primarily liable.

The testimony leaves no doubt that the fire was caused by electric wires; the conclusion is irresistible that they were therefore defective. No other cause· can be imagined and, therefore, it is reasonable to attribute it to electric wires. Rousseau vs. Railroad, 4 La. App. 697; Castille vs. Cormier, 144 La. 640, 81 South. 210.

The plaintiff testified that he lost the following articles:

| | |
|---|---|
| 2 Blankets | $ 33.00 |
| 1 Oil Heater | 8.00 |
| Mattress | 25.00 |
| 1 Art Square | 35.00 |
| 2 Pillows | 3.00 |
| 4 Pictures | 8.00 |
| 1 Overcoat | 10.00 |
| Underwear | 12.00 |
| Repair to Victrola | 10.00 |
| Total | $144.00 |

There is, however, no testimony that any of those articles were destroyed by fire, except the mattress, which was partly burnt; the art square was wet; the fire was in the ceiling and not ·upon the floor; and the worst that could have happened to the other articles was to have been damaged by fire. We will allow the cost of the mattress, $25.00, and fifty per cent of the value of the other articles, or $60.00, making in all $85.00.

The plaintiff cannot recover for moving. Pierce vs. Hedden 105 La. 294 (304), 29 South. 734; Knapp vs. Guerin, 144 La. 754 (765), 81 South. 302.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that the defendant, Widow A. During, be condemned to pay to the plaintiff, T. Kelly, the sum of eighty-five dollars with five per cent per annum interest from January 10, 1927, till paid, and all costs of suit.