**AMERICAN MULTIGRAPH SALES CO. v. PEACH-BLO PRODUCTS, INC.**

---

(March 12, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

ON MOTION TO DISMISS

1. Louisiana Digest — Appeal — Par. 509; Estoppel—Par. 41, 42.

Where plaintiff seeks to have judgment amended after signature to correct an

error and he is joined by defendant in a motion to that effect, defendant will be estopped to complain of plaintiff's subsequent effort to have the judgment corrected on appeal. A motion to dismiss filed by defendant upon the ground of estoppel by acquiescence under C. P. 567 will under the circumstances be denied.

Appeal from Civil District Court, Div. "D", Hon. Porter Parker, Judge.

Action by American Multigraph Sales Company against Peach-Blo Products, Inc.

There was judgment for defendant and plaintiff appealed.

Motion to dismiss denied.

L. R. Wertheimer, of New Orleans, attorney for plaintiff, appellant.

L. R. Hoover, of New Orleans, attorney for defendant, appellee.

### ON MOTION TO DISMISS

WESTERFIELD, J.  Plaintiff originally brought a personal action asking only for a monied judgment, for the balance alleged to be due on certain merchandise sold defendant by plaintiff. By supplemental petition a vendor's lien was asserted and a sequestration asked and obtained.

The sequestration was bonded by defendant and an answer filed. When the case was called for trial, no defense was made by defendant, and a judgment ordered "as prayed for". In writing up the judgment the minute clerk followed the prayer of the original petition and consequently omitted any reference to plaintiff's lien or the writ of sequestration. The error was not discovered until after the delays for a new trial had elapsed and an attempt made by plaintiff to execute the judgment, by issuing a fi fa which was returned nulla bona.

Thereafter on a joint motion, filed by counsel for plaintiff and defendant in which the error was recited the judgment was amended, as prayed for in the motion, by adding the words "with recognition and maintenance of vendor's lien and privilege on the property seized".

Subsequently, and for some reason, perhaps because of the surety on the sequestration bond, the plaintiff, just prior to the expiration of the year, obtained an appeal from the original judgment. Defendant moves to dismiss the appeal upon the ground that in attempting to execute the judgment plaintiff acquiesced in the judgment and is therefore estopped under Article 567 C. P., which provides that a party against whom a judgment has been rendered cannot appeal if he acquiesces in the judgment by executing it voluntarily. This article has been held to apply to plaintiff in whose favor judgment has been rendered, as well as defendant, against whom the judgment runs.  State vs. Howell, 139 La. 336.

But in the instant case whether applicable to this plaintiff, or otherwise, we will not consider at the instance of defendant, who through the same counsel admitted the error and asked and obtained an amendment of the judgment in the trial court. Having joined plaintiff in an effort to have the judgment corrected by amendment defendant is estopped, and can not assume an inconsistent position when defendant seeks to have it corrected by what is regarded as a sounder and safer method, appeal. Whatever effect the article of the Code of Practce may have on this appeal, defendant can not assert it. Lichtain vs. Southwestern Box Co., 121 La. 176.

The motion to dismiss is denied.