HIGGINS, Justice.
 

 ■ The appellee moved to dismiss the appeal on the ground that the appellant had acquiesced in the judgment.
 

 
 *806
 
 ■ The record shows that on December 22, 1939, the district court, after a trial on the merits, entered judgment in favor of the relator, commanding the respondent Jefferson Parish School Board to restore her to the position of a permanent teacher in the public schools of that Parish, as principal of the New Carrollton School, at a salary of $108 per month, commencing September 5, 1939. On January 9, 1940, the relator was reinstated in her former position by the Board at the salary of $108 per month.
 

 On March 29, 1940, the Board was granted a devolutive appeal from the judgment making the writ of mandamus peremptory, and after the transcript was lodged in this Court, the relator or appellee filed a motion to dismiss the appeal, alleging that, having been restored by the School Board to her position (in which position she is presently discharging her duties), the appellant had acquiesced in the judgment of the district court and, therefore, there was rio further controversy pending between the litigants.
 

 The School Board met'the issue by stating that its counsel discovered the adverse judgment more than ten days after its rendition and, therefore, after the delay for taking a suspensive appeal had expired; that the Board was then without any right to suspend the judgment and was obliged to comply with it, otherwise its members would have been subject to contempt of court; that it did not voluntarily restore the relator to her position but was compelled to do so under .the circumstances; «that it had no intention of abandoning its rights to have the question presented on the merits judicially determined on appeal, and that, availing itself of the provisions of Articles 578 and 593 of the Code of Practice, which granted it the right to a devolutive appeal, it was entitled to have the motion tó dismiss the appeal- denied and the merits of the case passed upon by this Court on appeal.
 

 The pertinent part of Article 567 of the Code of Practice, invoked by the appellee, reads: “If such judgment have been confessed by him,
 
 or if he have acquiesced in the,same, by executing it voluntarily.”
 

 In the case of Saunders v. Busch-Everett Company, 138 La. 1049, 71 So. 153, 154, plaintiff instituted an action to annql an oil and mineral lease and .appealed from an adverse judgment. Subsequent to the rendition of the judgment, the plaintiff sold a third party an undivided one-half of the oil and minerals in and under a- part of the land and expressly stipulated in the notarial act that the sale was made subject to the lease sought to be annulled. The appellee moved to dismiss the appeal on the grounds that the plaintiff had thereby admitted the validity of the lease, acquiesced in the judgment and abandoned his
 
 appeal. In
 
 overruling the motion to dismiss, the court-said: “In the said act of the plaintiff and appellant we fail to discover even the slightest evidence of acquiescence, whereas 'to take away the right of appeal there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant, who must have intended
 
 *808
 
 to acquiesce and abandon his right of appeal. Sims v. Jeter, 129 La, [262] 263, 55 So. 877, arid authorities there cited.”
 

 In Parker v. Harvey, La.App., 164 So. 507, 509, the court said: “The right of an aggrieved litigant to take and prosecute appeal is guaranteed by the Constitution, and exists in all cases, otherwise appealable, where the party has not confessed judgment or acquiesced in same by voluntarily executing it. Code of Practice, art. 567; Lochbaum v. Southwestern Box & Lumber Mfg. Co., 121 La. 176, 46 So. 201.”
 

 In the instant case, after the delay of ten days had elapsed within which the appellant was entitled to take a suspensive appeal, there was no other legal method by which it could suspend the execution of the judgment. Therefore, the members of the School Board were compelled to comply with the judgment or otherwise be subject to a penalty for contempt of court. It was only in obedience to the mandate of the court that the Board restored the relator to her position and salary. The fact that the Board devolutively appealed from the judgment of the district court shows that there was no intention on the part of the respondent and appellant to abandon either the case of its right to an appeal. Certainly, it cannot be said that there was an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant and that it intended to acquiesce in and abandon its right to an appeal.
 

 For the reasons assigned, the motion to dismiss the appeal is overruled;