## WHALEN v. PHOENIX INDEMNITY CO.

Civ. A. No. 4132.

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 30, 1953.

J. Philip Goode, Booth, Lockard & Jack, Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, Shreveport, La., for defendant.

BENJAMIN C. DAWKINS, Jr., District Judge.

Alleging serious personal injuries sustained March 17, 1953, at Burt's 5¢ to $1 Store in Shreveport, plaintiff sues defendant, as the liability insurer of the store, for damages totalling $75,000. She claims the accident occurred while she was working there as a clerk when she was struck by several rolls of linoleum that fell upon her.

At Article 9 of her complaint, she asserts:

"Said rolls of linoleum were under the sole and exclusive care, custody and control of the assured, its agents and employees, other than complainant, and the doctrine of res ipsa loquitur is especially pleaded herein."

Alternatively, should the doctrine of res ipsa loquitur be held inapplicable, she alleges several specific acts of negligence on the part of the store management or its employees.

Defendant has moved to strike Article 9 from the complaint on the ground that the doctrine clearly is not applicable to this case. Briefs have been filed by both parties and we have considered the authorities cited. On the basis of this study, we have concluded that the motion should be denied at this time.

■ It is well settled that motions to strike are not favored and should be sustained only if clearly warranted. See Irving Berlin, Inc., v. Anziano, D.C.S.D. N.Y.1944, 4 F.R.D. 33, 34, where the Court said:

"Courts are reluctant to strike allegations from the complaint unless they clearly have no bearing whatsoever on the matter in controversy (Citing Authorities). As to the allegations complained of, while in some respects they are mainly historical (Pars. 17 and 22) and in others (Par. 18) somewhat argumentative, the presence of these allegations in the complaint cannot harm the defendant."

See also Samuel Goldwyn, Inc., v. United Artists Corporation, D.C.S.D. N.Y.1940, 35 F.Supp. 633, 637, in which the Court said:

"A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied".

See also Minneapolis Gasoline & Fuel Co. v. Ethyl Gasoline Corporation, D.C. S.D.N.Y.1941, 2 F.R.D. 307; Moore v. C. A. Olsen Mfg. Co., D.C.N.D.Ohio E.D. 1944, 7 F.R.D. 269; Kraus v. General Motors Corporation, D.C.S.D.N.Y.1939, 27 F.Supp. 537; Randolph Laboratories, Inc. v. Specialities Development Corp., D.C.N.J.1945, 62 F.Supp. 897; and Tivoli Realty, Inc., v. Paramount Pictures, Inc., D.C.Del.1945, 80 F.Supp. 800.

■■ In the present state of the case, we do not know whether the doctrine of res ipsa loquitur will be applicable, and will not know until plaintiff's evidence has been completed. The doctrine is only a rule of evidence. If plaintiff is able to

prove facts justifying its use, then defendant would have the burden of going forward with the evidence to overcome the presumption of negligence flowing from the doctrine.

On the other hand, if it should develop at the trial that plaintiff's prima facie case, necessary to call the doctrine into application, is insufficient, then we would hold, and so instruct the jury, that res ipsa loquitur has no part in the case and that plaintiff must have proved negligence on the part of defendant's insured by a preponderance of the evidence.

Accordingly, defendant's motion to strike must be, and is hereby, overruled. Defendant's right to renew the motion at the proper time is expressly reserved.