**WHALEN**

v.

**PHOENIX INDEMNITY CO.**

No. 4132.

United States District Court,
W. D. Louisiana,
Shreveport Division.

May 11, 1954.

J. Philip Goode, and Booth, Lockard, Jack & Pleasant, Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, Shreveport, La., for defendant.

DAWKINS, Jr., Chief Judge.

This case heretofore has been considered on defendant's motion to strike [1]. The identical issue involved in that motion now arises again: Is "res ipsa loquitur" applicable?

The case—a tort action—has been tried to a jury, which returned a verdict for plaintiff in the sum of $17,500. At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that no negligence had been proved; and it renewed the motion at the close of all the evidence. We reserved judgment. Defendant now has moved for judgment n. o. v., and, alternatively, for a new trial.

The facts are these: On March 17, 1953, while working as a clerk, or saleslady, at the store of defendant's assured in Shreveport, plaintiff was struck by two 9' x 12' rolls of linoleum, weighing 26 pounds each. They were rolled lengthwise, and encased in paper, so that they were nine feet tall and about five or six inches in diameter.

No one actually saw the rolls fall, but they evidently had been in an upright

1. D.C., 15 F.R.D. 42.

position, leaning against a wall, and toppled over upon plaintiff, due to some unknown cause, producing injuries. At the time, she was in a squatting position, more or less at a right angle to the direction of their fall, and was engaged in measuring a length of plastic material for a customer from a metal stand or rack. She was struck upon the head, shoulders and side[2]. She claimed severe bruises, but no broken bones, resulted to those parts from the blow. Her principal claim is for an inguinal hernia said to have been caused by her straining to arise under the weight of the rolls[3].

No direct or circumstantial evidence of negligence on the part of the store management was adduced by plaintiff. None came out during presentation of defendant's case. Plaintiff relies entirely, therefore, and must rely, upon "res ipsa loquitur."

Since we had reserved judgment on defendant's motions for a directed verdict, and were submitting the case to the jury, we gave the following special charge on that subject:

"Earlier in this charge I told you that I would instruct you as to the law on the subject of res ipsa loquitur. Under the rule of res ipsa loquitur, which means that the thing or affair speaks for itself, where the thing which caused the injury complained of is shown to have been under the direct and exclusive management or control of the storekeeper, and the accident is such, that in the ordinary course of things, does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by the storekeeper, that the accident resulted from his want of care.

"Negligence is never presumed from the happening of an accident, but the happening of an accident with its attendant circumstances may justify an inference of negligence. Thus, if the thing which produced the injury is under the direct or immediate and exclusive control of the storekeeper or his responsible subordinate and the injury would not have occured unless negligence had been present in some form, and the facts causing the injury are peculiarly within the knowledge of the storekeeper and not equally accessible to the employee who is injured, the burden is then on the storekeeper to explain the cause of the accident in order to escape the inference of negligence.

"On the other hand, if the thing which causes the injury is under the direct and immediate control of the injured employee, even though subject to the overall supervision and control of the storekeeper, or if knowledge of the facts causing the injury is equally accessible to the employee, or if the injury was caused by the negligence of some third person for whose conduct the storekeeper is not responsible, then the doctrine of res ipsa loquitur does not apply and passes out of the case.

"It is for you, the jury, to determine the facts and from these facts and the rules we have given you, to determine whether there is an applicable inference of negligence against the storekeeper in this case, and whether that inference has been overcome by proof to the contrary, if the inference is applicable."

■■ We believe the charge was a correct statement of the law of Louisiana, which we must apply[4]. As we said in our earlier opinion on defendant's motion to strike, to be able to call the doctrine into application, plaintiff first must have established certain foundation facts. According to the latest expression

---

2. Plaintiff testified it was her right side which was struck, although the linoleum rolls fell from her left, and her left side would have been the one exposed. However, this makes no difference in the case.

3. It is hard to see how this could have happened. The rolls were not heavy; their full weight was not upon her, since one end of each roll rested upon the floor; and they would have rolled from her back to the floor upon the slightest upward movement by her. Again, this makes no difference in the case.

4. Chicago, R. I. & P. R. Co. v. McClanahan, 5 Cir., 1949, 173 F.2d 833.

of the Louisiana Supreme Court on the subject, Dorman v. T. Smith & Son, 1953, 223 La. 29, 64 So.2d 833, 834, these essential facts are: (1) That the accident was one which ordinarily would not have occurred but for negligence in some form; (2) that control and management of the instrumentality which caused the accident was vested *exclusively* in defendant's assured; and (3) that defendant's assured possessed knowledge, or means of information, as to the cause of the accident, superior to that of plaintiff [5].

5. The following quotations from the Dorman case demonstrate what we have said:

"In 65 C.J.S., Negligence, at page 985, immediately preceding the statement of the rule of res ipsa loquitur there appears the following statement under section 220(1):

" 'As discussed supra § 204, it is a general rule that negligence on the part of defendant is never presumed but is a matter for affirmative proof; hence, in the absence of special circumstances sufficient to bring into operation the doctrine of res ipsa loquitur, discussed infra, §§ 220 (2)–220(11), the mere happening of an accident or occurrence of an injury does not raise a presumption or authorize an inference of negligence on the part of defendant and does not warrant a verdict in favor of the injured party. However, the circumstances of an accident may be such as to warrant an inference of negligence in the absence of evidence to the contrary.

" 'The foregoing general principle has been applied to a great variety of particular defects and occurrences, *including cases of injuries caused by falling objects*, or by the falling, tripping, or slipping of the injured person on a floor or stairway or into a hole.'

"In this case we are concerned with injuries caused to the plaintiff by falling objects as will later appear in our discussion of the facts of the case.

"Following the statement just quoted, there appears under Section 220(2) what may be said to be a definition of the term 'res ipsa loquitur'. It is as follows:

" 'It is an established rule, known as the doctrine of res ipsa loquitur, that where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.'

"In 38 Am.Jr., Negligence, § 299, it is stated that the doctrine 'is based in part upon the theory that *the defendant in charge of the instrumentality which causes the injury either knows the cause of the accident or has the best opportunity of ascertaining it, and that the plaintiff has no such knowledge,* and therefore is compelled to allege negligence in general terms and rely upon the proof of the happening of the accident in order to establish negligence. *The inference* which the doctrine permits *is grounded upon the fact that the chief evidence of the true cause,* whether culpable or innocent, *is practically accessible to the defendant but inaccessible to the injured person. If the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged, or if the plaintiff himself has equal or superior means of information, the doctrine will not apply.'*

"On this point concerning the superior knowledge of the defendant, 65 C.J.S., Negligence, at section 220(5) puts the matter in this language:

" 'It is generally held to be an essential element of the doctrine of res ipsa loquitur, and to constitute the reason or theory on which the doctrine is in part predicated, that, as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, *exclusively* vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defendant, being more favorably situated, possesses the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation. Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked.'

"Without quoting further on the question of control of the instrumentality which produces the injury complained of it might be stated that American Jurisprudence, as shown at section 300 states the proposition in very much the same way.

' "[1] Under the facts as disclosed in this record we are concerned especially

Since the jury has rendered its verdict for plaintiff, we now must examine the record to determine whether there was evidence to support the verdict. Again we state, there was no direct proof of negligence. Of course, if there was dis- puted testimony as to the facts govern- ing applicability vel non of the " 'res ipsa loquitur' " doctrine, the jury's find- ing of liability cannot be disturbed. On the other hand, if plaintiff has failed to establish her prima facie case by a show- ing of the essential facts justifying use of the doctrine, or if there are undisput- ed facts which themselves show that this is not a proper case for applying it, then our duty will be to set aside the verdict and sustain the motion for a directed verdict.

Actually, while there is an unanswered question as to the identity [6] of the person or persons who placed the rolls of lino- leum in the position from which they fell upon plaintiff, the evidence presents no dispute whatever that the store manage- ment did *not* have exclusive control of the linoleum, and it did *not* have superior knowledge of the facts and circumstances of the accident. Quite to the contrary, plaintiff, who had worked there five and one-half months beforehand, admitted she was in charge of that part of the store in which the linoleum was kept. It was in her immediate custody. Her duties required her, not only to display and sell it to any customers interested in buying, but as well to see that the rolls were kept properly and safely in a rack provided by her employer for that pur- pose.

To quote from her counsel's brief, " * * * It was plaintiff's duty to take down, display, sell and re-stock the rolls of linoleum * * * " At the very least, there was a division of control be- tween the plaintiff and other store per- sonnel. Of all persons who worked at the store, she was in the best position to know what caused the accident, which happened in her department. If any one connected with the store could and should have seen the rolls improperly placed, leaning against the wall, outside the rack where they belonged, and have done something about them, plaintiff was the one. A corporate storekeeper can maintain its premises in safe condition only through its employees.

 Quoting further from the Louisiana Supreme Court's language in the Dorman case:

" 'It is the duty of the plaintiff to prove negligence affirmatively; and while the inference allowed by the rule of res ipsa loquitur constitutes such proof, *it is only where the cir- cumstances leave no room for a dif-*

---

with those features of the doctrine as they relate (1) to the circumstances of the accident and whether they warrant an inference of negligence, (2) to the management and control of the instru- mentality which caused the accident pro- ducing plaintiff's injury and (3) to the situation as it relates to the knowledge or information of either of the parties as to the cause of the accident. In other words, in order for the rule to apply, it must be shown that the circumstances at- tending the accident were such as to create an inference of negligence on the part of defendant's employee, that *the control and management of the instru- mentality was exclusively vested in the defendant* and that plaintiff was not in a position to show the particular circum- stances which caused the instrumentality

to operate to his injury whereas *the defendant,* being in such a position, *pos- sessed superior knowledge or means of information as to the cause of the acci- dent.* * * * " (Emphasis supplied.)

To the same effect, see the McClanahan case, supra, Footnote 4. Therein Judge Holmes, as the organ of the Fifth Cir- cuit Court of Appeals, and Judge Hutche- son in a concurring opinion, pointed out that the Louisiana rule is substantially the same as that prevailing elsewhere.

6. The parties concede this *could* have been done by (1) the store manager (who was absent at the time of the accident), or by (2) another clerk, or by (3) a cus- tomer, or by (4) the stock clerk. Plain- tiff testified she did not do it. There was no evidence, by either side, to show which of the others probably did it.

*ferent presumption that the rule applies.'*" (Emphasis supplied.)

Thus it plainly appears, without dispute in the evidence, that (1) plaintiff has not made out an adequate prima facie case for applying the "res ipsa loquitur" doctrine, and (2) her own admissions affirmatively establish that the doctrine is inapplicable because (a) she —not her employer—had immediate custody and control of the offending instrumentality and (b) she—not her employer—had, or legally should have had, superior, or at least equal, knowledge as to the cause of the accident.

Under such circumstances, we have no alternative but to hold that the jury's verdict is not supported by the evidence; and, accordingly, we must set aside the verdict and grant defendant's motion for judgment in accordance with its request for a directed verdict.[7]

Since it is our further duty to pass upon the alternative motion for a new trial[8], in the event of appeal and reversal of the above-holding, we now proceed to that task.

One of the grounds urged in this motion is that the verdict resulted from passion and prejudice. Of this we have no doubt. The circumstances were as follows:

There were two developments during the trial upon which plaintiff's counsel capitalized to the fullest in closing argument, and which surely produced not only a finding of liability but a grossly excessive award.

The first of these involved a most attractive, personable, and obviously honest witness for plaintiff, a Mrs. Robertson. She was the customer whom plaintiff was serving when the accident happened. She had testified on direct examination that she was looking elsewhere and heard, but did not see, the linoleum fall, describing the circumstances. On cross-examination, evidently laboring under misinformation given him by someone, defendant's counsel questioned her along the line that she in effect had admitted, by promising to take care of plaintiff's medical expenses, that it was she who knocked the rolls upon plaintiff. The lady, of course, denied emphatically that she had made any such statement.

The second incident, which certainly incited the jury's feelings against defendant, involved the store manager, Mr. Brightwell. He had testified rather unconvincingly as a witness for defendant. On cross-examination by plaintiff's counsel, he denied having made a statement to them, when they called to inspect the store premises two or three weeks before the trial, to the effect that he knew something about the case, of benefit to the plaintiff, which he would not disclose. In rebuttal, plaintiff's attorneys, both of whom are men of complete, obvious integrity and outstanding members of the Bar, took the stand, related the conversation with Brightwell, and thus thoroughly impeached defendant's chief witness.

Pointing in his summation to these two occurrences, plaintiff's attorney, Mr. Jack, made the most of them. "For shame", he cried repeatedly, that defendant should have tried unsuccessfully to cast aspersions upon the attractive Mrs. Robertson. "For shame", he told the jury, that defendant produced and vouched for the obviously dishonest witness, Brightwell.

7. Likewise, although unnecessary to our decision in view of our findings, supra, we believe recovery should be denied on the ground that plaintiff saw, or should have seen, the linoleum—a simple, uncomplicated thing—leaning precariously against the wall, and that she voluntarily assumed the risk of its falling. See Redford v. Gibert, La.App., 1943, 12 So.2d 612.

8. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L. Ed. 147. See also 10 Cyclopedia of Federal Procedure (3rd Ed.), 117, § 34.18; 5 Moore's Federal Practice (2d Ed.), 2339 et seq., § 50.12.

The courtroom atmosphere was charged with passion and prejudice against the defendant insurance company by these developments—a condition which was demonstrated especially, we think, by the size of the verdict.

Aside from the hernia, the origin of which is the subject of strong doubts on our part, plaintiff's only injuries were moderate bruises about her head, shoulders and torso, from which she should have recovered fully not later than a week or two after the accident. As to the hernia, her own doctors and lawyers admittedly had urged her to have it repaired. She had submitted to other operations in the past. There was no showing that the relatively simple surgery required to repair this condition would in any manner endanger her life, whereas to leave it uncorrected would do so. Her only excuse for not submitting to the operation was that she did not want to have it done—obviously until after a jury had passed upon her case. Chances for a successful operation were excellent, with anticipated post-operative disability of no more than a few months.

In our judgment, a person in her situation should not be permitted to capitalize upon her condition, to dogmatically and unreasonably refuse to mitigate her damages at an insurer's expense.

All things considered, we feel that an award of $5,000 would be entirely adequate for her personal injuries, if there is liability. In the event of appeal, therefore, and if the appellate court reverses our judgment on the motion for a directed verdict (or for judgment notwithstanding), a new trial will be granted unless the plaintiff, within twenty days from the finality of the decree of the Court of Appeals, shall enter a remittitur of all in excess of that sum.

A proper decree should be presented.