**Verda Ross WHALEN, Appellant,**

v.

**PHOENIX INDEMNITY COMPANY,**
Appellee.

No. 15279.

United States Court of Appeals,
Fifth Circuit.

March 11, 1955.
Rehearing Denied May 4, 1955.
See 222 F.2d 121.

Whitfield Jack, Shreveport, La. (Booth, Lockard, Jack & Pleasant, Philip Goode, Shreveport, La., of counsel), for plaintiff-appellant.

Vernon W. Woods, Shreveport, La. (Wilkinson, Lewis & Wilkinson, James J. Butler, Shreveport, La., of counsel), for defendant-appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is a personal injury action by a five and ten cent store clerk, a citizen of Louisiana, against her employer's insurer, a citizen of New York. The jury returned a verdict for the plaintiff in the amount of $17,500, whereupon the trial court entered a judgment for defendant notwithstanding the verdict on the ground that the evidence was insufficient to support a verdict for the plaintiff, and ordered further that, should the judgment be reversed on appeal, a new trial be granted unless plaintiff enter a remittitur of $12,500, so that in that event judgment might be entered for plaintiff for $5,000. The proceedings in the trial court are fully reported in two opinions, at D.C., 15 F.R.D. 42 and D.C., 120 F.Supp. 925.

The plaintiff insists that the trial court erred in entering judgment n. o. v. because the verdict was justified by the evidence considered in the light most favorable to her. Considering it in that light, the evidence showed as follows: On March 17, 1953, while working at the store of defendant's insured, plaintiff was struck by two rolled up linoleum rugs which fell over on her as she was squatting down to measure some plastic material. The rugs were wrapped in paper and weighed 26 pounds each, and measured nine feet tall by about five or six inches in diameter. It was plaintiff's duty, as well as that of the manager and other employees, to take out and put the rugs back in place. It was the duty of the stockroom clerk to bring the rugs from the stockroom and to stack them. The store management also authorized customers to take down, unroll, and replace the linoleum. However, plaintiff had never in fact taken out, or put back, stacked, or otherwise handled the rugs. The two rugs involved were out of the rack built to retain linoleum and were leaning against the wall in an upright position. Because of imperceptible vibrations or jars, the rugs fell from this precarious position, in which, it may be inferred, the manager, a customer, the stockroom clerk, or another saleslady had left them. The impact of the falling rugs caused bruises, abrasions, and an inguinal hernia.

The question presented, then, is simply whether this evidence is enough to support the jury's finding that defendant's insured was at fault. LSA–Civil Code, Art. 2315. That it owed a duty to provide safe working conditions for the plaintiff or to warn her of unsafe conditions which it should realize she might not discover through the exercise

of due care, is clear enough. Lochbaum v. Southwestern B. & L. Mfg. Co., 121 La. 176, 46 So. 201; Payne v. Georgetown L. Co., 117 La. 983, 42 So. 475; McGinn v. McCormick, 109 La. 396, 33 So. 382. These cases also hold that if the accident is caused by the concurring breach of this duty by the employer and the negligence of a fellow servant of the plaintiff, the employer is liable. Since, however, there was no direct evidence that the insured breached its duty, but such breach is sought to be inferred from the nature of the accident and the insured's control over its premises, the plaintiff's case is, as the trial judge rightly concluded, based solely on the doctrine of res ipsa loquitur.

■ We held in Chicago, R. I. & P. R. Co. v. McClanahan, 5 Cir., 173 F.2d 833, that the law of Louisiana as to res ipsa loquitur must apply in a case of this kind, a holding which we regard as correct in spite of plaintiff's argument that it is here a question of federal adjective law; moreover, in the McClanahan case we extensively discussed the Louisiana law as to res ipsa loquitur, both in the opinion of Judge Holmes and in the concurring opinion of Judge Hutcheson. There we reversed the judgment which had been entered on a verdict for the plaintiff, holding res ipsa loquitur not applicable. In that case the plaintiff proved that he was injured because of a defective box car door, but failed to submit any evidence as to which one of eight railroads, terminal companies, warehouses, or loading companies which had handled the car and might have created the defect, had actually done so. We held that the verdict against one of the terminal companies could not stand under such a state of facts. Quite clearly this evidence was equally consistent with absence of negligence on the part of that particular terminal company, and the verdict must necessarily have been based on speculation.

The present case is substantially different. Here, the insured had a duty to provide its employees a safe place to work, using care commensurate with its special knowledge and experience in the five and ten cent store business.[1] Since it chose to conduct its business by allowing customers to serve themselves and to take down the merchandise, it had a duty to exercise reasonable care to restore the merchandise to a secure place to avoid foreseeable harm to its employees. Therefore the question is not which of the store's customers or employees may have committed a misfeasance, for it is clear that, whoever did it, the jury could infer a negligent nonfeasance on the part of the insured; that is, unless the *possibility that the plaintiff too* was negligent precludes the application of res ipsa loquitur permitting that inference.

■ A careful examination of the opinions in the McClanahan case shows that we recognized there that the Louisiana rule of res ipsa loquitur does not require proof that the harmful instrumentality was necessarily in the exclusive control of the defendant, nor conclusive proof that the plaintiff did not tamper with the instrumentality or himself create the dangerous condition, in order to allow the trier of fact to infer liability. This appears from Judge Hutcheson's distinguishing of two Louisiana Supreme Court cases, Hake v. Air Reduction Sales Co., 210 La. 810, 28 So.2d 441, and Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437. The Hake case held the defendant liable for a fire caused by acetylene escaping from a cylinder furnished the plaintiff by the defendant, though the fact of the accident was as consistent with mishandling by the plaintiff as with a defect in the cylinder. The court held that it was proper there to decide on the weight of the evidence that the plaintiff was not negligent (the only evidence on the point having been introduced by plaintiff),

---

1. Mr. Smith, proprietor of the store, testified that he had been engaged in the five and ten cent store business for 26 years.

whereupon the rule of res ipsa loquitur required the defendant to come forward with proof that it was not negligent lest it be held liable. This case certainly was a liberal application of the rule, for it would seem that *either* party might have well argued, on the basis of the evidence it had presented, that it was free from negligence, that the accident bespoke negligence on the part of the other. Neither side had exclusive control of the cylinder, and the evidence was far from conclusive that the plaintiff had not itself damaged the cylinder.

The Plunkett case is similar. There the plaintiff bought a gas heater from the defendant, which installed it in his home. Less than two days later the heater started a fire that seriously damaged plaintiff's house. Plaintiff successfully invoked res ipsa loquitur. The rule adopted in this case appears to be that to bring the doctrine into operation, the proof must be conclusive that the instrumentality was the cause of the accident, but that plaintiff need show only by the preponderance of the evidence that he did not tamper with the instrumentality or create the dangerous condition by his own commission or omission.[2]

■ If this rule is applied to our present case, we think the requirements of res ipsa loquitur were sufficiently met. There was no question here of the instrumentality causing the accident. The plaintiff testified that she had not placed the rugs in their precarious position and did not knock them over, and there was no contrary evidence. Although the store manager testified and it is a fair construction of her testimony that the plaintiff's duties included replacing in the racks any rugs taken out by herself or by customers, the jury could reasonably decide from the evidence that she had worked at the store only a short time, that the risk of injury to herself and to others from the improper placing of these rugs was not sufficiently apparent to hold that she had assumed such risk; and that she did not fail to exercise the degree of care for her own safety which a reasonably prudent person would take under the circumstances, and the jury could, nevertheless, consistently find that the accident itself bespoke negligence on the part of the store management because of the higher degree of care imposed on it by reason of its superior knowledge of the dangers of such a method of retail merchandising. In short, the jury could find that the preponderance of evidence was that plaintiff did not herself create the dangerous condition nor negligently fail to correct it. This established, they could properly apply the rule of res ipsa loquitur to conclude, in the absence of evidence exculpating the insured, that insured was at fault.

We do not consider the case of Dorman v. T. Smith & Son, Inc., 223 La. 29, 64 So.2d 833, on which the trial court strongly relied, determinative in the present case. There, the judgment for plaintiff was reversed on the ground that the proof did not justify the application of res ipsa loquitur. The plaintiff, a cargo checker for a steamship company, whose duties included supervision of the stacking of cargo by the fork lift truck operators employed by the defendant stevedoring company, had his leg broken when bales of tin plate were stacked too high and fell over on him after the lift truck had driven away. It is plain that despite the language in the opinion quoted by the court below, 120 F.Supp. 925, 928–929, the basis of that case was that the plaintiff could not sufficiently establish his freedom from fault in creating or failing to correct the dangerous condition so as to justify the application of res ipsa loquitur, in view of his equal

---

2. The authorities from other jurisdictions collected in the annotation following the Plunkett case at 3 A.L.R.2d 1448 appear to be pretty evenly divided. Compare wih the Plunkett case our holding in Bryson v. Atlanta Gas Light Co., 5 Cir.,

170 F.2d 91, where we refused to apply res ipsa loquitur on the ground that there was no showing that such an accident as occurred there, would not have occurred except for negligence on the part of the defendant.

**82**

or greater duty to recognize and correct improper stacking.[3] There is nothing inconsistent in the actual decision and the Hake and Plunkett cases, supra.

We believe that those cases are a better expression of Louisiana law than the dicta in the Dorman case, supra, and that they are in line with recent decisions of the United States Supreme Court giving the same or broader scope and latitude to the res ipsa loquitur rule. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Jesionowski v. Boston & M. R. R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, 169 A.L.R. 947.[4]

■ While we reverse the judgment for the reasons given above, we think it was within the trial court's discretion to grant a new trial because of excessiveness of the verdict, on the condition subsequent that if the plaintiff enter a remittitur, the new trial would then be denied. Cf. Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150.

Reversed and remanded for further proceedings not inconsistent with this opinion.

3. Cf. Gershner v. Gulf Rfg. Co., La.App., 171 So. 399, where the court refused to apply res ipsa loquitur since the plaintiff, a customer of a service station, was in as good a position to know the cause of the fire as defendant's station attendant; that is, he failed to show any superior knowledge on the part of the defendant. Compare also Sabol v. St. Louis Cooperage Co., 313 Mo. 527, 282 S.W. 425, where in refusing to apply res ipsa loquitur where a pile of barrel staves 22 feet high had fallen on an employee, the court attached importance to the fact that the employee had been working for the defendant for 18 years.

4. See the authorities collected on the point of the Jesionowski case in 169 A.L.R. 953. The annotator says at page 958:
"In a number of decisions where this [Jesionowski] situation has been presented application of the rule res ipsa loquitur has been upheld. While no formally enunciated principle to justify this result can be said to have crystallized as yet, the following pattern appears to be inherent in the decisions in question: if the evidence in the case is such as to require, or to justify the jury in reaching, the conclusion that the accident arose solely out of the instrumentality or instrumentalities under the control of the person charged with negligence, those instrumentalities under the control of the injured person not being a causative factor, then the circumstance that the injured person had control of one or more of the agencies involved will not prevent application of the res ipsa loquitur doctrine."
A similar view is expressed by 9 Wigmore, Evidence (3rd Ed.) § 2509:
"What the final accepted shape of the [res ipsa loquitur] rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged; (3) *the injurious occurrence must have happened irrespective of any voluntary action at the time by the party injured.*" (Emphasis supplied.)