**Carl Fraser CADBY, Appellant,**

v.

**Joseph SAVORETTI, District Director of the United States Immigration and Naturalization Service, Miami, Florida, as Agent for Herbert Brownell, Attorney General of the United States, Appellee.**

**No. 16086.**

United States Court of Appeals
Fifth Circuit.

March 29, 1957.

David W. Walters, Miami, Fla., for appellant.

Richard R. Booth, Asst. U. S. Atty., Miami, Fla., James L. Guilmartin, Miami, Fla., Gilbert Zimmerman, Richmond, Va., of counsel, for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

The appellant here, plaintiff below, sought a declaratory judgment and review of a final administrative order entered in immigration deportation proceedings. The appellee here, defendant below, moved "to dismiss the complaint filed in this cause on the grounds that said complaint does not state a cause of action and does not present a controversy within the jurisdiction of this Court." The district court "Ordered and Adjudged that the said motion be and it is hereby granted." The appellee concedes in brief that actually the dismissal

was "on the ground that the court was without jurisdiction to entertain the action."[1] That the district court had jurisdiction is settled by the opinion of the Supreme Court in Ceballos v. Shaughnessy, 77 S.Ct. 545. The appellee urges that the judgment should nevertheless be sustained because it is apparent from the record that the appellant is not entitled to relief. Without passing on that contention, however, we hold that, since the judgment was based upon the erroneous view that the court lacked jurisdiction, it should be reversed and the cause remanded for further proceedings. See Muscardin v. Brownell, 97 U.S.App. D.C. 16, 227 F.2d 31; Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

Reversed and remanded.

---

[1] "The statement of the proceedings had on defendant's motion to dismiss [stipulated pursuant to Rule 75(n) of the Federal Rules of Civil Procedure [28 U.S.C.A.] (T.1)] discloses that the court below dismissed the complaint on the ground that the court was without jurisdiction to entertain the action. In effect, the court held:

"(1) That the Attorney General is an indispensable party to this action, inasmuch as the matter involves the exercise of his discretion; and

"(2) That the court does not have jurisdiction over the person of the Attorney General, since the Attorney General does not reside within the jurisdiction of the Court, and proper service had not been made upon him."