STRACHAN SHIPPING COMPANY, Appellant,

v.

Joseph ALEXANDER and Meiji Kaiun, K.K., Appellees.

MEIJI KAIUN, K.K., Appellant,

v.

Joseph ALEXANDER and Strachan Shipping Company, Appellees.

No. 19571.

United States Court of Appeals Fifth Circuit.

Dec. 27, 1962.

Wm. H. McClendon, Jr., Stuart McClendon, New Orleans, La., for appellant.

John P. Nelson, Jr., August J. Bubert, Leonard S. Ungar, New Orleans, La., for Joseph Alexander.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Leon Sarpy and James G. Burke, Jr., New Orleans, La., for Meiji Kaiun, K.K.

Before RIVES, CAMERON and BELL, Circuit Judges.

CAMERON, Circuit Judge.

The libelant-appellee Joseph Alexander, a longshoreman, was employed by the third party-respondent, the appellant Strachan Shipping Company, a stevedoring contractor. Alexander and other employees of Strachan were loading cotton in the hold of a ship owned by respondent-appellant, Meiji Kaiun, K.K., when the injury here complained of occurred. The court below, sitting without a jury, entered judgment in favor of the longshoreman against the shipowner upon a finding of unseaworthiness; and then entered judgment over in favor of the shipowner against Strachan, the employer of the longshoreman, upon its finding that Strachan had breached its implied warranty or contract of work-

manlike service under the Ryan[1] doctrine.

The published opinion of the court below[2] correctly sets out the issues involved in the case. The facts found by that court and the legal conclusions based thereon are set out in its opinion, which we adopt with the following additional comments.

█ In substance, the court found that the longshoreman was injured when he fell backward into a large hole between stowed bales of cotton and that his injuries were not contributed to by any negligence on his part. It found that the hole should have been covered by dunnage, and the failure so to cover the hole caused an unseaworthy condition. It found further that this unseaworthiness was created by the employees of the stevedoring contractor Strachan in that there was an inadequate use of available dunnage in stowing the cotton.

At the trial below the shipowner and the stevedoring contractor strongly resisted the allegations of unseaworthiness made by the injured employee and their arguments before us consist chiefly of their joint effort to sustain that position. But we are satisfied that the record contains abundant evidence to sustain the findings of the trial court on this point against the charge that they are clearly erroneous. And we think the same is true of the less vigorously pressed argument between shipowner and contractor as to which of them was responsible for the failure to cover the hole with dunnage. There was some evidence that a lack of a sufficient supply of dunnage was called to the attention of the ship's mate and that he refused to allow more dunnage to be brought aboard; but there was also credible evidence that there was plenty of dunnage available. The finding by the court below that "the unseaworthiness was caused by the employees of [Strachan] * * *", necessarily embraced the finding that there

was a sufficient supply of dunnage furnished by the shipowner and the conclusion that there was an inadequate use of that dunnage by the employees of the stevedoring contractor. The evidence was in conflict, therefore, as to why the hole was not covered by dunnage and we are not constrained to disturb the findings of the court below on the point.

█ Appellant Strachan insists that the judgment of the court below was erroneous in that a deduction was not made for $915.00, the cost of medical treatment paid by Strachan for the benefit of the injured employee under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The judgment was entered several months after the opinion was filed, and this point was thoroughly argued by the parties during that interim. Though 33 U.S.C.A. § 933(e)(1)(B) provides that the "employer shall retain an amount equal to [medical services] actually furnished by him * * *," appellant Strachan has not carried his burden of showing this Court that the $915.00 item of damages was not taken into consideration or deducted by the court below in computing the damages due. The last paragraph of the opinion of the court below (195 F.Supp. at page 834) indicates that it did take that item into consideration in computing the damages due the injured employee, cf. " * * * medical expenses *not yet paid* by his employer * * *." [Emphasis added.] Rather than adding that item of damages into the aggregate of damages due under the claim for unseaworthiness and then deducting it as having been paid under the Longshoremen's Act, the court below manifestly adopted the expedient of omitting the offsetting calculations.

Based upon the opinion of the court below, as supplemented by the foregoing comments, the judgment appealed from is

Affirmed.

1. Ryan Co. v. Pan-Atlantic Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

2. Alexander v. Meiji Kaiun, K.K., 1961, 195 F.Supp. 831.