Eugene P. MURPHY and the Travelers
Insurance Company, Appellants,

v.

The ST. PAUL FIRE AND MARINE IN-
SURANCE COMPANY, Appellee.

No. 19588.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1963.

Robert Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, E. A. Carrere, Jr., New Orleans, La., for appellants.

Carl J. Schumacher, Jr., Dermot S. McGlinchey, New Orleans, La., (Lemle & Kelleher, New Orleans, La., of counsel), for St. Paul Fire and Marine Ins. Co.

Before RIVES, CAMERON and BELL, Circuit Judges.

CAMERON, Circuit Judge.

The question before us is whether appellants are entitled to a new trial as a matter of right, when through no fault of the parties the court reporter is unable to transcribe portions of the record of the trial necessary to the proper presentation of errors assigned and relied upon in this appeal.

Appellant Murphy was injured when a movable metal scaffold or tower, owned by his employer but manufactured by Safeway Steel Products, Inc., toppled. Appellant Travelers Insurance Company paid Murphy workmen's compensation benefits and joined him in this action which was brought under the Louisiana Direct Action Statute [1] against appellee St. Paul Fire and Marine Insurance Com-

1. 22 LSA–R.S. § 655.

pany, the insurer of the manufacturer of the scaffold.

The scaffold in question was manufactured and sold in Wisconsin to a distributor, Safeway Steel Scaffolding, Inc., which in turn sold the scaffold to the Chrysler Corporation, employer of appellant Murphy. The scaffold had been owned by Chrysler and in use in its Michoud, Louisiana plant for five years without mishap when the accident occurred.

Appellant Murphy was injured as a result of a fall to the floor of the plant. He was atop the forty-foot movable metal tower or scaffold doing maintenance work on heaters hanging from the ceiling of the building when a steel member of the structure failed, tilting the tower and causing him to fall. The scaffold or tower was so constructed that it rested on four "legs," each terminating as a screwjack to which a wheel was fastened. The length of the "legs" could be adjusted by manipulation of the screw-jacks so as to adjust the height of the tower and to provide a firm base or foundation.

The member which failed was a solid steel shaft about an inch and a half in diameter, the shaft of the screw-jack. It broke cleanly at a point about a foot above the floor, at the beginning of the threading of the shaft. At the time of the break, the tower was being moved and Murphy was "riding" it. It appears that one of the caster-type wheels rolled into a small hole in the floor, stopping the progress of that leg, whereupon the shaft snapped.

The case was tried to a jury on charges of negligence and breach of implied warranty on the part of the manufacturer, appellee's insured. The jury found for appellee and appellants brought this appeal. However, because certain recording discs in the possession of the court reporter were melted before they were transcribed, the record does not contain that portion of the District Court's charge covering the doctrines of *res ipsa loquitur* and implied warranty. The trial judge was unable to reconstruct the charge from memory and refused to grant a new trial under Rule 60(b) (6), F.R.C.P.[2]

Appellants' position, as stated in the brief, is "purely and simply, that the destruction of this part of the record makes it impossible to properly argue and seek a reversal of" the judgment below. "It would be presumptuous on part of appellants to attempt to reconstruct for the purpose of argument the charge given * * * or to attempt to show for the purpose of argument the error of the Court * * *." Appellants urge also that certain rulings on the evidence were erroneous.

Appellee takes the position that, under the evidence presented, appellants were, as a matter of law, not entitled to *any* charge with regard to *res ipsa loquitur*. Appellee contends also that, under Wisconsin law, warranty depends on privity of contract, an element lacking in the case. If the charge contained errors, they were errors of law on the part of the court below and, of course, the presumption is that that court was not in error. It is elementary that the burden is on the appellants to show error. Cf. Strachan Shipping Co. v. Alexander, 5 Cir., 1962, 311 F.2d 385.

The appellants have not availed themselves of the provisions of Rule 75 (n), F.R.C.P.,[3] a procedure which might

2. "Rule 60. Relief from Judgment or Order
  "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons· * * * (6) any other reason justifying relief from the operation of the judgment * * *."

3. "(n) Appeals When No Stenographic Report was Made. In the event no stenographic report of the evidence *or proceedings* at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments there-

well have enabled them to bring a sufficient record before us. Cf. Cadby v. Savoretti, 5 Cir., 1956, 242 F.2d 751,[4] and Herring v. Kennedy-Herring Hardware Co., 6 Cir., 1958, 261 F.2d 202.[5] In the absence of compliance with the Rules, the charges urged to be erroneous are not in the record and not before us. Browder v. United States, 5 Cir., 1961, 292 F.2d 44, 49.

■ An examination of the evidence, moreover, fails to convince us that appellants were entitled to a charge under their claim of breach of implied warranty;[6] or that they developed facts which would warrant a charge under the doctrine of *res ipsa loquitur*.[7]

We have examined appellants' contentions that several rulings on the admissibility of evidence were erroneous and find these contentions to be without merit.

Failing to find any reversible error in the record, the judgment of the court below is

Affirmed.

---

to within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal." [Emphasis added.]

4. The appeal was on the basis of a statement: " * * * stipulated pursuant to Rule 75(n) of the Federal Rules of Civil Procedure * * *." 242 F.2d at page 752.

5. "Although a stenographic transcript of the evidence is the usual way at the present time in which a review of the evidence and alleged errors therein is presented to the Court of Appeals, it is not the only way in which such a review can be obtained. A satisfactory record, including a narrative statement of the testimony of the witnesses, may at times be prepared through the use of notes taken during the trial by the attorneys and the trial judge, supplemented by memories of the attorneys, witnesses, and the trial judge, by agreement between the parties, and possibly from other sources. Rules 75(n) and 76, Federal Rules of Civil Procedure, 28 U.S.C.A.; Miller v. United

States, 317 U.S. 192, 198–200, 63 S.Ct. 187, 87 L.Ed. 179; Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 119 F.2d 721, 724. Inability to obtain a stenographic transcript of the evidence is not, standing alone, sufficient to set aside a judgment and grant a new trial. Dowling v. United States, 6 Cir., 22 F. 2d 364; People v. Chessman, 35 Cal.2d 455, 218 P.2d 769, 19 A.L.R.2d 1084; State v. Evans, 145 Wash. 4, 258 P. 845; State v. Thompson, 130 Mo. 438, 32 S.W. 975. Compare: City of Duncan v. Abrams, 171 Okl. 619, 43 P.2d 720. See: Annotation 19 A.L.R.2d 1104– 1108."

6. Cf. Tri City Fur Foods, Inc. v. Ammerman, 7 Wis.2d 149, 96 N.W.2d 495; Cohan v. Associated Fur Farm, 261 Wis. 584, 53 N.W.2d 788; Prinsen v. Russos, 194 Wis. 142, 215 N.W. 905.

7. Cf. Plunkett v. United Electric Services, 214 La. 145, 36 So.2d 704; Dunaway v. Maroun, La.App., 1937, 178 So. 710, 712; Bish v. Employers Liability Assurance Corp., 5 Cir., 1956, 236 F.2d 62; Whalen v. Phoenix Indemnity Co., 5 Cir., 1955, 220 F.2d 78; rehearing denied, 222 F.2d 121; Chicago, R. I. & P. R. Co. v. McClanahan, 5 Cir., 1949, 173 F.2d 833.