# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2022

Lyle W. Cayce
Clerk

No. 22-50032

IN THE MATTER OF: MARK DALE MATTLAGE-THURMOND;
ROBERT JEWELL SNOWDEN

*Debtors*,

MARK DALE MATTLAGE-THURMOND; ROBERT JEWELL
SNOWDEN,

*Appellants*,

*versus*

FIRST NATIONAL BANK OF MCGREGOR, DOING BUSINESS AS
YOUR BANK FOR LIFE,

*Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-551

Before STEWART, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50032

In this case, we must decide whether the bankruptcy court properly determined that a binding order to which the parties agreed bars subsequent claims and warrants summary judgment. The bankruptcy court correctly determined that *res judicata* applies. We affirm.

**I.**

Spouses Mark Dale Mattlage-Thurmond and Robert Jewell Snowden (the "Debtors") owned approximately 186 acres of land in Crawford, Texas ("Crawford Property"). In 2015, First National Bank of McGregor d/b/a Your Bank for Life (the "Bank") made a loan to the Debtors, constituting a refinance on the Crawford Property.

That same year, the Debtors sought additional financing to build an RV park, retreat, and vacation venue on the Crawford Property. Bank made a series of five construction loans to finance this project. Each construction loan was secured by a separate deed of trust on the Crawford Property. The Debtors built a swimming pool and an apartment complex on the property, and they partially completed the RV park. However, they could not complete the project in its entirety due to overspending and weather delays, amongst other issues.

The Debtors nonetheless opened their venue to the public but were unable to realize their financial projections for revenues. The Bank tried to help by extending the notes' maturity and payment terms. The Debtors were unable even to make interest-only payments on the notes.

Ultimately, the Bank accelerated the notes and posted the Crawford Property for foreclosure, and, on November 4, 2019, the Debtors filed a voluntary Chapter 11 bankruptcy.

On December 17, 2019, the Bank filed a Motion for Relief from Stay with the bankruptcy court. The Debtors objected. On February 26, 2020,

after a settlement conference, the bankruptcy court entered an Agreed Order that had been established between the Bank and the Debtors. The Agreed Order was signed by counsel for the Debtors and the Bank.

The Bank and the Debtors "agreed as follows" to these key provisions:

- As of the Debtors' Petition Date . . . [the Bank] has a claim against the Debtors for $1,174,085.35.

- [The Bank] will file an amended proof of claim in the Debtors' case, setting forth additional amounts, charges and fees owed by the Debtors as of the Petition Date.

- Should the Debtors object to any portion of [the Bank's] amended proof of claim (other than the $1,174,085.35 amount of [the Bank's] claim referenced above, the Debtors must file and serve an objection within fourteen (14) days of the filing of [the Bank's] amended proof of claim.

- Should the Debtors not file an objection to [the Bank's] amended proof of claim, the Debtors shall be deemed to have agreed that such claim should be allowed as filed.

- The Debtors contemplate payment of the amounts owed to [the Bank] as described herein shall be paid.

As contemplated by the Agreed Order, the Bank filed its Amended Proof of Claim for $1,470,188.28 on March 16, 2020. The Debtors did not file any objections within the 14-day window or the ensuing months. On April 27, 2021—over a year after the Bank filed its Amended Proof of Claim—the Debtors filed an Objection to the Amended Proof of Claim ("Objection"). The Debtors' primary objection was that they had pending claims against the Bank and did not owe any funds. The bankruptcy court concluded that the Objection was untimely and overruled it.

Prior to filing their Objection, the Debtors brought counterclaims against the Bank based on alleged oral agreements to consolidate their short-

term loans. The Bank moved for summary judgment, and the Debtors filed for leave to amend their counterclaims. The bankruptcy court granted summary judgment for the Bank and denied the Debtors' motion for leave to amend finding that *res judicata* barred all subsequent claims. The district court affirmed both orders and this appeal followed.

## II.

"We apply the same standard of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Matter of Pratt*, 524 F.3d 580, 584 (5th Cir. 2008); *see also Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) ("When directly reviewing an order of the bankruptcy court, we apply the same standard of review that would have been used by the district court."). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Matter of Am. Hous. Found.*, 785 F.3d 143, 152 (5th Cir. 2015), as revised (June 8, 2015). "Under a clear error standard, this court will reverse only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

"This court reviews the grant of summary judgment de novo, applying the same standards as the [bankruptcy] court." *Osherow v. Ernst & Young, LLP (Matter of Intelogic Trace, Inc.)*, 200 F.3d 382, 386 (5th Cir. 2000); *see also United States v. Davenport*, 484 F.3d 321, 326 (5th Cir.2007). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists where the summary judgment evidence would support a reasonable jury's verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). All doubts are to be resolved in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, (1986). We review a bankruptcy court's denial of a motion for leave to amend a complaint under an abuse of discretion standard. *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).

## III.

Initially, we must determine the extent, if any, to which the February 26, 2020 Agreed Order controls this case. The Agreed Order contains three critical statements about when it would go into effect, each of which is tethered to whether the Debtors filed any objections: First, only the initial amount of $1,174,085.34 was excluded from objections. Any other objections had to be filed within fourteen (14) days of the Bank's Amended Proof of Claim. Lastly, if no objections were filed, the terms of the Amended Proof of Claim would be allowed.

The Bank filed its Amended Proof of Claim for $1,470,188.28 on March 16, 2020, which included "additional amounts, charges and fees owed by the Debtors as of the Petition Date." The Debtors could have objected to this amount because the explicit language of the Agreed Order only prohibited them from challenging the $1,174,085.35 amount previously agreed upon in a settlement conference. But the Debtors filed no objections within the fourteen days allotted. Instead, they waited over a year and filed the Objection on April 27, 2021.

The Objection was untimely, and the bankruptcy court correctly concluded that the Debtors' inaction deemed the Amended Proof of Claim "allowed as filed."

## IV.

The next question, then, is what impact did the Amended Proof of Claim and Agreed Order have on this case? The Bankruptcy Court conducted several hearings and concluded that *res judicata* ended this case. We agree.

A bankruptcy judgment bars a subsequent suit if: (1) both cases involve the same parties; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases. *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990). Additionally, where the four elements of the *res judicata* test are met, we must also determine whether "the previously unlitigated claim could or should have been brought in the earlier litigation." *D–1 Enters., Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989); *see also Matter of Howe*, 913 F.2d 1138, 1145 (5th Cir. 1990).

The Debtors agree that this case involves the same parties and the bankruptcy court is a competent court. But, the Debtors argue that the third and fourth elements of *res judicata* have not been established. We discuss them below.

### A.    Final Judgment on the Merits (Element Three)

"An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine of *res judicata*." *Matter of Brady*, 936 F.2d 212, 215 (5th Cir.), *cert. denied*, 502 U.S. 1013, 112 S. Ct. 657 (1991). And, we have stated that "an order allowing a proof of claim is . . . a final judgment" for purposes of *res judicata*. *Matter of Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993) (citing *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir.), *cert. denied*, 484 U.S. 898, 108 S. Ct. 234 (1987)).

Thus, the bankruptcy court's February 26, 2020 entry of the Agreed Order, which allowed the Bank to file a proof of claim, is a final judgment. It explicitly stated that the parties agreed that the Bank has a claim against the Debtors, that the Debtors would pay it, and that, absent any objections within a 14-day window, the claim would be deemed "allowed as filed." This constitutes a final judgment on the merits.

### B.     Same Causes of Action (Element Four)

Under the fourth prong of the *res judicata* inquiry, we determine whether the Debtors' claims, the Bank's claims, and the Agreed Order involve the same cause of action. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (en banc). The court applies the transactional test of Section 24 of the Restatement (Second) of Judgments. *See, e.g., id.; Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir. 1984). Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had "'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (quoting Restatement (Second) of Judgments § 24(1) (1982)).

Whether a factual scenario is a transaction or series is "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 396 (quoting Restatement (Second) of Judgments § 24(2) (1982)). "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts,'" *Osherow v. Ernst & Young, LLP (Matter of Intelogic Trace, Inc.)*, 200 F.3d 382, 386 (5th Cir. 2000) (quotation omitted), "rather than the type of relief requested, substantive

theories advanced, or types of rights asserted," *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007); *see also Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009).

As to whether the same causes of action are at issue in both cases, "the nucleus of operative facts" inquiry revolves around "'the factual predicate of the claims asserted.'" *Matter of Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992)).

The Debtors' allegations against the Bank for fraud and breach of contract, as asserted in their proposed Second Amended Counterclaim, and the Bank's claims and liens against the Debtors all relate to the parties' lending and borrowing relationship. The Bank claims the Debtors owe it money, and the Debtors contend that the Bank failed to consolidate said money as it had previously orally agreed. The Agreed Order details these same issues. In short, the "factual predicate of the claims asserted" entirely revolves around construction on the Crawford Property, the loans provided for the construction, the Debtors' obligations to pay back the loans, and the Bank's attempts to recover its money. Thus, the claims are the same under the transactional test, and the fourth element of *res judicata* is satisfied.

**C.     Whether the Claim Could or Should Have Been Brought Previously**

Lastly, we must determine whether the previously unlitigated claims "could or should have been asserted in the prior proceeding." *Intelogic Trace*, 200 F.3d at 388 (quotation omitted); *D–1 Enters.*, 864 F.2d at 38 ("Essential to the application of the doctrine of *res judicata* is the principle that the previously unlitigated claim could or should have been brought in the earlier litigation."). If the claims asserted here could and should have been asserted in the earlier sanctions proceeding, the Debtors' claims are barred by *res judicata. See, e.g., Intelogic Trace*, 200 F.3d at 388.

No. 22-50032

This final stage involves a two-step analysis: First, we must ascertain "whether and to what extent [the Debtors] had actual or imputed awareness prior to the [Agreed Order] of a real potential for [the currently asserted] claims against [the Bank]"; and, second, "whether the bankruptcy court possessed procedural mechanisms that would have allowed [the Debtors] to assert such claims." *Id.*

Here, the Debtors knew about the Bank's alleged oral agreement to consolidate the loans at the time the loans were made because they claim they were parties to this exchange. And, these alleged conversations occurred several years before the bankruptcy court entered the Agreed Order. Further, the Debtors sued the Bank in state court in October 2020 under the same theories of breach of contract and fraud they later tried to assert in the litigation. *See Matter of Howe,* 913 F.2d 1138, 1147 (5th Cir. 1990) (knowledge of the basic facts underlying the claims, despite ignorance of their significance, was enough to bar the subsequent claims under *res judicata*). There was awareness of a real potential for the claims prior to the Agreed Order. So, we proceed to step two of the analysis.

The bankruptcy court had ample avenues by which the Debtors could have asserted their claims. They could have objected promptly as prescribed by the Agreed Order, they could have refused to sign the Agreed Order if they believed the Bank's claim was invalid and should not be allowed and then filed counterclaims, and they could have potentially moved for reconsideration after the Agreed Order had been entered. The bankruptcy court could have handled the Debtors' claims. The second step is likewise satisfied.

In short, *res judicata* applies. Accordingly, (1) summary judgment for the Bank was appropriate because there were no triable issues of fact where the Agreed Order stated that the Bank had a claim against the Debtors for

9

failure to pay; and (2) denial of the Debtors' motion for leave to amend was not an abuse of discretion because the Agreed Order barred all subsequent claims.

## V.

The Debtors' remaining arguments are meritless. On appeal, "the burden is on the appellants to show error." *Murphy v. St. Paul Fire & Marine Ins. Co.*, 314 F.2d 30, 31 (5th Cir. 1963). To the extent the Debtors assert that they are entitled to equitable relief, they have provided no legal basis to support this contention. While the bankruptcy court may issue orders that are "necessary or appropriate to carry out the provisions" of the Bankruptcy Code, it cannot use these equitable powers "to fashion substantive rights and remedies not contained in the Bankruptcy Code or Rules or negate substantive rights that are available." *Matter of Smith*, 21 F.3d 660, 665 (5th Cir. 1994). The bankruptcy court held hearings, reviewed the evidence on multiple occasions, and determined that res judicata and the statute of frauds barred the Debtors' claims. The Debtors have not provided any indication that they are otherwise entitled to equitable relief.

The Debtors also assert that they are entitled to reconsideration of the Agreed Order. 11 U.S.C. § 502(j) states that "a claim that has been allowed or disallowed may be reconsidered for cause." However, the Debtors failed to move for reconsideration of the Agreed Order. And we need not review matters raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

## VI.

For the reasons stated herein, we AFFIRM.