**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11646

Non-Argument Calendar

_____

THE BANK OF NEW YORK MELLON,
   as Trustee for the Certificate Holders of CWABS Inc.,
   Asset Backed Certificates, Series 2006-15,
   f.k.a. The Bank of New York,

*Plaintiff-Appellee,*

*versus*

PETER FERENC GEDEON,

*Defendant-Appellant,*

UNKNOWN PARTY #1,
   The Names Being Fictitious to Account
   for Parties in Possession, et al.,

*Defendants.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-00711-MSS-CPT

————————————————

Before BRASHER, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Peter Ferenc Gedeon, proceeding *pro se*, appeals an order of the district court remanding this case to the Twelfth Judicial Circuit Court in and for Manatee County, Florida, and denying Gedeon's motion to stop his eviction. After careful review, we affirm.

In March 2025, Gedeon removed to the district court an action filed in Florida state court by the Bank of New York Mellon ("the Bank"). He filed dozens of documents, including a copy of the state court complaint, filed in August 2016, in which the Bank sought to foreclose on Gedeon's mortgage. Gedeon also filed an "emergency/urgent motion to stop eviction." In April 2025, the district court remanded the case to state court for several reasons and denied Gedeon's motion to stop his eviction. Gedeon timely appealed.[1]

---

[1] The Bank argues that we lack jurisdiction under 28 U.S.C. § 1447(d). We already denied the Bank's motion to dismiss the appeal on this basis, explaining that we have jurisdiction because Gedeon's notice of removal invoked 28 U.S.C. § 1443. *See* 28 U.S.C. § 1447(d) (explaining that the remand of a case removed under § 1443 is reviewable on appeal).

We review issues of removal jurisdiction *de novo*. *Georgia v. Clark*, 119 F.4th 1304, 1307 (11th Cir. 2024). We construe *pro se* pleadings and briefs liberally. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Parrott v. Neway (In re Parrott)*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024). We may affirm the decision of the district court on any basis supported by the record. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010).

Here, we affirm because Gedeon's removal was untimely. Federal district courts have removal jurisdiction over civil actions against any person who is "denied or cannot enforce" their civil rights in state court. 28 U.S.C. § 1443(1). A defendant generally must file a notice of removal of such an action within 30 days after he is served with a copy of the initial pleading or summons. *Id.* § 1446(b)(1). As the district court explained, Gedeon filed his notice of removal in 2025, years after the state proceedings in this case were initiated. Therefore, his notice of removal was untimely unless he filed it within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which [he could] first . . . ascertain[ ] that the case [was] one which [wa]s or ha[d] become removable." *Id.* § 1446(b)(3). Gedeon cites no such document in this record, nor can we find any. *See Murphy v. St. Paul Fire & Marine Ins. Co.*, 314 F.2d 30, 31 (5th Cir. 1963) ("It is elementary that the burden is on the appellants to show error.").[2]

---

[2] Decisions issued by the former Fifth Circuit are binding in this Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (*en banc*).

Gedeon argues § 1446(b)(1) does not apply in this case because he removed the case under § 3 of the Civil Rights Act of 1866, not under § 1443(1).  However, Gedeon cites no legal support for this contention.  *See Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("[A] simple contention that [certain] law controls does not present an argument based on [that] law.").  Indeed, § 3 of the Civil Rights Act of 1866 is "currently embodied in 28 U.S.C. § 1443(1)," so other provisions of Title 28, like § 1446(b)(1), apply to § 1443(1) cases.  *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 420 n.25 (1968); *see also Georgia v. Rachel,* 384 U.S. 780, 786–89 (1966) ("When the Revised Statutes were compiled, the substantive and removal provisions of the Civil Rights Act of 1866 were carried forward in separate sections.").  Accordingly, § 1446(b)(1) applies and the district court correctly found removal untimely.

For the foregoing reasons, the district court did not err in remanding the case to state court because Gedeon's removal was untimely.[3]

**AFFIRMED.**

---

[3] Gedeon's removal was so untimely that there was no "pending" civil action; the state court had already issued a judgment in favor of the Bank. *See* 28 U.S.C. § 1446(a) (explaining that removal occurs within "the district and division within which such [state] action *is pending*" (emphasis added)).